# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN F. KELLY, et al., <br><br> Defendants. | Case No.: 16-cv-00750 W (BLM) <br> [Related: 16-cv-0374, 16-cv-0725, 16-cv-0797] <br><br> **ORDER DENYING FEDERAL DEFENDANTS' MOTION TO DISMISS [DOC. 30]** |

Pending before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) filed by Defendants United States of America and John F. Kelly, Secretary of the Department of Homeland Security (collectively "Federal Defendants"). Plaintiffs oppose.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons that follow, the Court **DENIES** Federal Defendants' motion to dismiss [Doc. 30].

//

//

1

## I. BACKGROUND

Plaintiffs Jane Doe and Jane Roe are female Border Patrol Agents, and members of the Critical Incident Investigative Team ("CIIT") at the Chula Vista Border Patrol Station in California. (*Second Am. Comp*. ("SAC") [Doc. 33] ¶ 20.) Defendant Armando Gonzalez was one of Plaintiffs two supervisors on the CIIT and, as such, had the authority to undertake or make recommendations regarding employment decisions affecting Plaintiffs. (*Id.* ¶ 21.)

The CIIT office in Chula Vista had one women's restroom that doubled as a changing room for the female agents. (*SAC.* ¶ 24.) Plaintiffs used the restroom every work day both as a toilet and/or a changing room to change from their civilian clothing into their work uniforms. (*Id.*)

On January 9, 2015, Plaintiff Doe was in the women's restroom at the CIIT office when she observed what appeared to be a hidden camera in the drain. (*SAC* ¶ 25.) She removed the drain cover and discovered a security camera hidden in a black sock. (*Id.*) Doe reported the incident to Rebecca Phenicie at the Customs and Border Patrol Office of Internal Affairs, which initiated an investigation. (*Id.* ¶ 27.) Gonzalez later stated that he placed the camera in the drain in order to detect possible on-the-job drug use among his female subordinates. (*Id.* ¶ 27.) An examination of the camera's micro SD card revealed images of "a female's undergarment-clad breast as she changed her shirt in the restroom, and images of part of a female's naked buttock as she prepared to sit on the toilet and again as she stood." (*Id.* ¶ 29.) Another micro SD card recovered from Gonzalez's office contained approximately 169 video files taken from July 20, 2013 to December 23, 2014. (*Id.* ¶ 30.) The images were of private areas of multiple female victims, including both Plaintiffs' naked and/or undergarment-clad genitalia, pubic areas, buttocks, and/or breasts as the victims changed and/or used the toilet. (*Id.*)

On March 30, 2016, Plaintiffs filed this lawsuit. On April 16, 2016, Plaintiffs filed the First Amended Complaint alleging a variety of state claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) & 2671, *et seq*. ("FTCA"), and employment

2

discrimination under federal law. (*See FAC.*) On December 14, 2016, this Court denied in part and granted in part Federal Defendants' motion to dismiss. (*See Dismissal Order* [Doc. 28].)

On December 28, 2016, Plaintiffs filed the Second Amended Complaint. Federal Defendants now seek to dismiss Plaintiffs' tenth cause of action for violation of California Penal Code §§ 632 & 637.2, and Plaintiffs' request for punitive damages under the sixth, seventh and eight causes of action. (*P&A* [Doc. 30-1] 1:2–11.) Plaintiffs oppose the motion. (*See Opp'n* [Doc. 32].)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides a procedural mechanism for a defendant to challenge subject-matter jurisdiction. "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. Where jurisdiction is intertwined with the merits, we must assume the truth of the allegations in a complaint unless controverted by undisputed facts in the record." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks, brackets, ellipsis and citations omitted).

A facial attack challenges the complaint on its face. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). But when the moving party raises a factual challenge to jurisdiction, the court may look beyond the complaint and consider extrinsic evidence, and "need not presume the truthfulness of the plaintiff's allegations." See id. Once the defendant has presented a factual challenge under Rule 12(b)(1), the burden of proof shifts to the plaintiff to "furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id.

3

## III. DISCUSSION

### A. The FTCA constitutes a waiver of sovereign immunity for Plaintiffs' California Penal Code §§ 632 & 637.2 cause of action.

Federal Defendants seek to dismiss Plaintiffs' tenth causes of action for violation of California Penal Code §§ 632 & 637.2, arguing that "Plaintiffs have failed to set forth any allegations establishing an express waiver of the United States' sovereign immunity that would permit" the claim to be brought. (*P&A* 3:6–12.) Plaintiffs respond that the United States' waiver in the FTCA applies to the claim for violation of sections 632 and 637.2. (*Opp'n* 4:13–5:15.) The Court agrees with Plaintiffs.

The FTCA waives sovereign immunity for suits against the United States sounding in tort. Gottschalk v. City and County of San Francisco, 964 F. Supp. 2d 1147, 1161 (N.D. Cal. 2013). In F.D.I.C. v Meyer, 510 U.S. 471, 477 (1994), the Supreme Court explained that in order to fall within the scope of the FTCA, plaintiff's claim must satisfy six conditions. The claim must be,

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Id. (citing 28 U.S.C. 1346(b)) (brackets in original). Courts have interpreted the "negligent or wrongful act or omission" language to "encompass both negligent and intentional torts." Waters v. United States, 812 F.Supp. 166, 169 (N.D. Cal. 1993) (citing Hatahley v. United States, 351 U.S. 173, 181 (1956)). The "FTCA has also been interpreted to encompass both statutory and common law torts." Id. (citing Jones v. United States 773 F.2d 1002, 1003 (9th Cir. 1985)).

California Penal Code § 632 prohibits the intentional recording of another's "confidential communication" without that person's consent. Section 637.2 "provides a private right of action, through which plaintiffs may recover damages for violations of the

4

law, including section 632(a)." See Cuviello v. Feld Entertainment, Inc., 304 F.R.D. 585, 590 (N.D. Cal. 2015) (citing Cal. Penal Code § 637.2(a)). Thus, sections 632 and 637.2 create private liability for conduct deemed wrongful under California law. Because the FTCA applies to claims for "wrongful acts" asserted against the United States, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act … occurred," Plaintiffs' Penal Code cause of action appears to fall within the scope of the FTCA.

Significantly, Federal Defendants fail to provide any meaningful analysis regarding why conduct deemed wrongful under state law is not encompassed by the FTCA. Instead, Federal Defendants simply assert that the FTCA does not apply to Plaintiffs' tenth cause of action because the California Penal Code is "not a tort statute." (*Reply* [Doc. 33] 2:8.) But California does not have a so-called "tort statute," and Federal Defendants offer no authority suggesting that a statute's title determines whether the FTCA applies.

Moreover, the United States' argument is not consistent with cases that have found the FTCA applies to claims based on state statutes that are not titled "tort statutes." For example, in Lu v. Powell, 621 F.3d 944 (9th Cir. 2010), the Ninth Circuit found that a claim under California Civil Code § 52.1 (the Bane Act) constituted a statutory "tort" and allowed plaintiff to pursue the violation under the FTCA. Id. at 950. Waters found claims for violations of California Civil Code § 51.7 and California Government Code § 12940 were wrongful acts under the FTCA. Id., 812 F.Supp. 166; see also Santillo v. United States, 2011 WL 2729243 (S.D. Cal. 2011) (finding California Bane Act claim falls within the scope of the FTCA); Lincoln v. Tuso, 1996 W 708592 (N.D. Cal. 1996) (dismissing claim for violation of California Civil Code §§ 51.7, 52 & 52.1 for failure to comply with FTCA's administrative claim requirement); O'Donnell v. U.S., 891 F.2d 1079, 1083–1086 (3rd Cir. 1989) (holding plaintiff may pursue FTCA claim for violation of Pennsylvania's Mental health Procedures Act of 1976). Id. at 1083–1086.

5

For these reasons, the Court finds the United States' sovereign immunity waiver in the FTCA encompasses Plaintiffs' tenth cause of action for violation of California Penal Code §§ 632 & 637.2.

### B. Federal Defendants have failed to establish that Plaintiffs' Penal Code cause of action is duplicative of Plaintiffs' tort claims.

Despite Federal Defendants' contention that Plaintiffs' Penal Code cause of action does not sound in tort, they next argue the cause of action should be dismissed because it is duplicative of two of Plaintiffs' tort causes of action. The Court is not persuaded.

Notably, Federal Defendants' moving papers failed to cite any authority supporting the proposition that Plaintiffs' cause of action should be dismissed as duplicative. (*See P&A* 3:14–17.) After Plaintiffs' opposition remarked about the lack of supporting authority, Federal Defendants cited White v. Social Security Administration, 111 F. Supp. 3d 1041 (N.D. Cal. 2015) and McAuliffe v. U.S. Dept. of Veterans Affairs, 2007 WL 2123690 (N.D. Cal. 2007), in their reply. (*Reply* 2:28–38.) Neither case, however, appears helpful to Federal Defendants.

Although White dismissed plaintiff's negligent infliction of emotional distress cause of action as duplicative of her negligence cause of action, the basis for the decision was that California law does not recognize negligent infliction of emotional distress as an independent tort:

> In California, "there is no independent tort of negligent infliction of emotional distress." Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 984 (1993). "The tort is negligence." Id. Accordingly, this claim is dismissed with prejudice as duplicative of Plaintiffs' negligence claim.

Id. at 1054. The Court fails to see how White applies to this case given that California law clearly recognizes an independent civil cause of action for violation of Penal Code § 632.

6

As for McAuliffe, there, the pro per plaintiff repeated the same legal theory in different causes of action. Id. at *3. The court, therefore, struck certain causes of action as "redundant." Id. Here, Plaintiffs have not repeated the same legal theory. Accordingly, Federal Defendants' reliance on McAuliffe is also misplaced.

For these reasons, the Court is not persuaded that Plaintiffs' Penal Code claims should be dismissed as duplicative.

## IV. SUMMARY & CONCLUSION

For the foregoing reasons, the Court **DENIES** the United States' motion to dismiss.[1]

**IT IS SO ORDERED**.

Dated: April 25, 2017

Hon. Thomas J. Whelan
United States District Judge

---

[1] The United States' motion is denied with respect to Plaintiffs' claims for punitive damages because of Plaintiffs' representation that they are asserting those claims against Defendant Gonzalez, who the United States contends was not acting within the scope of employment. (P&A n. 1.) Plaintiffs may not assert the punitive damage claims against the United States. See 28 U.S.C. § 2674.

7