# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JEH JOHNSON, et al., <br><br> Defendants. | Case No.: 16-cv-00750 W (BLM) <br> [Related: 16-cv-0374, 16-cv-0725, 16-cv-0797] <br><br> **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ORDERING ADDITIONAL BRIEFING ON DAMAGES** |

Pending before the Court is Plaintiffs Jane Doe's and Jane Roe's motion for default judgment against Defendant Armando Gonzalez.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons that follow, the Court **GRANTS IN PART** Plaintiffs' motion for default judgment [Doc. 62], **ORDERS** additional briefing on damages, and tentatively schedules a prove-up hearing for **August 20, 2018**.

## I. BACKGROUND

Plaintiffs Jane Doe and Jane Roe are female Border Patrol Agents, and members of the Critical Incident Investigative Team ("CIIT") at the Chula Vista Border Patrol Station in California. (*First Am. Comp.* ("FAC") [Doc. 5] ¶ 20.) Defendant Armando Gonzalez was one of Plaintiffs two supervisors on the CIIT and, as such, had the authority to undertake or make recommendations regarding employment decisions affecting Plaintiffs. (*Id.* ¶ 21.)

The CIIT office in Chula Vista had one women's restroom that doubled as a changing room for the female members of the CIIT. (*FAC.* ¶ 24.) Plaintiffs used the restroom every work day both as a toilet and/or a changing room to change from their civilian clothing into their work uniforms. (*Id.*)

According to the FAC, shortly after Gonzalez became Plaintiff Doe's supervisor in December 2010, he began sending her unsolicited private messages via Facebook and Words With Friends, an application on Doe's iPhone. (*FAC* ¶¶ 22–23.) The messages asked about Doe's personal life and affairs, and made her feel uncomfortable. (*Id.* ¶ 23.) Eventually, Doe blocked Gonzalez's messages on Facebook and cut off contact with him on Words With Friends. (*Id.* ¶ 23.)

On January 9, 2015, Plaintiff Doe was in the women's restroom at the CIIT office when she observed what appeared to be a hidden camera in the drain. (*FAC* ¶ 25.) She removed the drain cover and discovered a security camera hidden in a black sock. (*Id.*) Doe called her co-worker, Plaintiff Roe, into the restroom and showed her what she found. (*Id.*) Doe then reported the incident to Rebecca Phenicie at the Customs and Border Patrol Office of Internal Affairs, which initiated an investigation. (*Id.* ¶ 27.) Later that day, Gonzalez stated that he placed the camera in the drain of the women's restroom in order to detect possible on-the-job drug use among his female subordinates. (*Id.*) Plaintiffs allege that no such camera has ever been installed in the men's restroom as part of an investigation of possible on-the-job drug use by male subordinates. (*Id.*)

An examination of the hidden camera's micro SD card revealed images of "a female's undergarment-clad breast as she changed her shirt in the restroom, and images of part of a female's naked buttock as she prepared to sit on the toilet and again as she stood." (*FAC* ¶ 29.) In addition to the SD card located in the camera, another micro SD card was recovered from Gonzalez's office. (*Id.* ¶ 30.) The card contained 169 video files taken from approximately July 20, 2013 to December 23, 2014. (*Id.*) The images were of private areas of multiple female victims, including both Plaintiffs' naked and/or undergarment-clad genitalia, pubic areas, buttocks, and/or breasts as the victims changed and/or used the toilet. (*Id.*)

Despite the discovery of the SD cards and images, investigators did not obtain and execute a search warrant on Gonzalez's home for three weeks. (*FAC* ¶ 31.) During this time, Plaintiffs allege Gonzalez secreted a hard drive that contained countless additional illicitly recorded videos and other evidence. (*Id.*) Plaintiffs allege that Gonzalez distributed images of their body parts to third-party recipients through the internet. (*Id* ¶ 32.) Further, Plaintiffs allege that these images still exist and continue to be distributed across electronic devices belonging to Defendants and other third parties. (*Id.*)

As a result of Gonzalez's conduct, Plaintiff Doe was diagnosed with Adjustment Disorder with Anxiety which is "characterized by the development of emotional or behavioral symptoms in response to an identifiable stressor occurring within three months of the onset of the stressor." (*See Ex. 3* [Doc. 62-2] p. 9.) Plaintiff Doe has experienced extreme distress and continues to suffer from symptoms of anxiety, anger, and concerns about Gonzalez's presence in the community. (*Id.*)

Similarly, Plaintiff Roe was diagnosed with Persistent Depressive Disorder in which she suffers from a depressed mood, insomnia, low energy, low self-esteem and diminished concentration. (*See Ex. 4* [Doc. 62-2] p. 10.) These symptoms "cause clinically significant distress or impairment in social, occupational, or other important areas of functioning." (*Id.*) Plaintiff Roe also has many symptoms of Posttraumatic Stress Disorder including recurrent involuntary and intrusive memories, intense

3

psychological distress at exposure to internal or external cues that symbolize or resemble an aspect of the traumatic events, efforts to avoid distressing memories and reminders, persistent negative beliefs about the world, persistent anger and shame, diminished interest in activities, feelings of detachment from others, hyper vigilance, and problems with concentration and sleep disturbance. (*Id.*) Plaintiffs have been in counseling and will require future treatment. (*Ex. 3* p. 10., *Ex. 4* p. 10.)

On March 30, 2016, Plaintiffs filed this lawsuit against Defendant Jeh Johnson, Secretary of the Department of Homeland Security, and Defendant Gonzalez, alleging a variety of common law tort claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) & 2671, *et seq.* ("FTCA"), and employment discrimination under federal law. On April 16, 2016, Plaintiffs filed the FAC against Defendants. (*See FAC* [Doc. 5].)

On May 5, 2016, Plaintiffs served Gonzalez with the summons and FAC. (*See Summons* [Doc. 8].) Gonzalez failed to answer or otherwise respond to the FAC, and on October 19, 2017, Plaintiffs filed a Request for Entry of Clerk Default, which was entered on October 20, 2017. (*See Req. for Entry* [Docs. 53, 54]; *Clerk's Entry of Default* [Docs. 55, 56].) On December 14, 2017, Plaintiffs filed the pending motion for default judgment. On December 18, 2017, Gonzalez filed an opposition and requested leave to file an answer, thereby attempting to appear.

## II. LEGAL STANDARD

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the court for default judgment. See Fed. R. Civ. P. 55(b)(2). Default judgment is available as long as the plaintiff establishes (1) defendant has been served with the summons and complaint and default was entered for their failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. See, e.g., 50 U.S.C. § 521; Fed. R. Civ.

4

P. 55; Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

Entry of default judgment is within the trial court's discretion. See Taylor Made Golf Co. v. Carsten Sports, Ltd., 175 F.R.D. 658, 660 (S.D. Cal. 1997) (Brewster, J.) (citing Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956)). In making this determination, the court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon entry of default, the factual allegations in plaintiff's complaint, except those relating to damages, are deemed admitted. E.g., Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). Where the amount of damages claimed is a liquidated sum or capable of mathematical calculation, the court may enter a default judgment without a hearing. Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981). When it is necessary for the plaintiff to prove unliquidated or punitive damages, the court may require plaintiff to file declarations or affidavits providing evidence for damages in lieu of a full evidentiary hearing. Transportes Aereos De Angola v. Jet Traders Invest. Corp., 624 F.Supp. 264, 266 (D. Del. 1985).

## III. DISCUSSION

### A. *Eitel* Factors

#### 1. **Possible Prejudice to Plaintiffs**

Plaintiffs' motion argues that Gonzalez's refusal to participate in the litigation indicates that he will likely never appear in the action, leaving Plaintiffs without a remedy if default judgment is not entered. This argument lacks merit because, after the

5

motion was filed, Gonzalez filed an opposition and requested leave to file an answer, thereby making himself available. Furthermore, given that Plaintiffs did not file a reply, they did not identify another form of prejudice. Accordingly, this factor weighs against granting default judgment.

### 2. **Merits of Plaintiffs' Claim and Sufficiency of the FAC**

As discussed below, Plaintiffs' allegations sufficiently plead the seven causes of action asserted in the FAC, and there is no apparent reason to doubt the merits of Plaintiffs' substantive claims.

#### a) *Bivens* Claim

Plaintiffs are pursuing a *Bivens* action. To prevail on this claim, Plaintiffs must establish: (1) they had a constitutionally protected right under the Fourth, Fifth, or Eighth Amendments; (2) Gonzalez, a federal official, violated that right; (3) Plaintiffs lacked other means, statutory or otherwise, to remedy defendant's violation; (4) no special factors suggest the court should decline to enforce this implied cause of action; and (5) Gonzalez cannot assert an appropriate immunity. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

The FAC identifies Plaintiffs' Fourth Amendment right against unreasonable searches. (*See FAC* ¶ 35.) The FAC also alleges facts indicating Gonzalez, under color of law, violated that right by searching a location in which Plaintiffs had a reasonable expectation of privacy, and then seizing, saving, and distributing videos taken from that location. (*Id.*) Plaintiffs also allege that state tort claims do not adequately redress the constitutional wrong given that state laws are not intended to remedy harms that result from a federal agent's abuse of authority. (*Id.* ¶ 37.) Finally, Plaintiffs contend that there are no "special factors" or immunity at issue. (*P&A* [Doc. 62-1] 6:3.)

6

1    In his opposition, Gonzalez does not dispute the claim is sufficiently pled or its
merits. (*See Def.'s Opp'n* [Doc. 67].)  Accordingly, the Court finds Plaintiffs sufficiently
plead a *Bivens* claim.

### b) Intrusion into Private Affairs

Plaintiffs' second cause of action is for intrusion into private affairs. To prevail on this claim, Plaintiffs must establish: (1) they had a reasonable expectation of privacy in a place or circumstance; (2) Gonzalez intentionally intruded in that place or circumstance; (3) Gonzalez's intrusion would be highly offensive to a reasonable person; (4) Plaintiffs were harmed; and (5) Gonzalez's conduct was a substantial factor in causing Plaintiffs' harm. Miller v. Nat'l Broad. Co., 187 Cal. App. 3d 1463, 1482-83 (1986).

The FAC's allegations demonstrate that Plaintiffs had a reasonable expectation of privacy in the CIIT restroom, Gonzalez intentionally intruded on their privacy, and the intrusion would be highly offensive to a reasonable person. (*See FAC* ¶¶ 57-59.) Finally, the facts indicate Gonzalez's conduct was a substantial factor in causing Plaintiffs' harm. (*Id.* ¶ 60.)

In his opposition, Gonzalez does not dispute the claim is sufficiently pled or its merits. (*See Def.'s Opp'n*.)  Accordingly, the court finds Plaintiffs sufficiently plead an intrusion into private affairs claim.

### c) Public Disclosure of a Private Fact

Plaintiffs' third cause of action is for public disclosure of a private fact. To prevail on this claim, Plaintiffs must establish (1) Gonzalez publicly disclosed (2) a private fact (3) which would be offensive and objectionable to a reasonable person, and (4) which is not of legitimate public concern. Moreno v. Hanford Sentinel, 172 Cal. App. 4th 1125, 1129-30 (2009).

The FAC's factual allegations demonstrate Gonzalez publicly disclosed private videos of Plaintiffs, the disclosure would be highly offensive to a reasonable person, and

is not of public concern. (*See FAC* ¶¶ 63-68.) In his opposition, Gonzalez does not dispute that the claim is sufficiently pled or its merits. (*See Def.'s Opp'n*.) Accordingly, the Court finds Plaintiffs sufficiently plead a public disclosure of a private fact claim.

### d) Intentional Infliction of Emotional Distress

Plaintiffs' fourth cause of action is for intentional infliction of emotional distress. To prevail on this claim, Plaintiffs must establish: (1) extreme and outrageous conduct by Gonzalez with the intention of causing, or reckless disregard with the probability of causing, emotional distress; (2) Plaintiffs suffered severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by Gonzalez's outrageous conduct. Hughes v. Pair, 46 Cal. 4th 1035, 1050-51 (2009). A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. Gonzalez's conduct must also be "intended to inflict injury or engaged with the realization that injury will result." Id.

As discussed above, the FAC alleges Gonzalez's conduct was extreme and outrageous, and that he either intended to cause, or recklessly disregarded the probability of causing, emotional distress to Plaintiffs. (*See FAC* ¶¶ 72-74.) Further, the FAC alleges Plaintiffs suffered severe emotional distress caused by Gonzalez's conduct. (*Id.* ¶ 76.) In his opposition, Gonzalez does not dispute the claim is sufficiently pled or its merits. (*See Def.'s Opp'n*.) Accordingly, the Court finds Plaintiffs sufficiently plead an intentional infliction of emotional distress claim.

### e) Negligence

Plaintiffs' fifth cause of action is for negligence. To prevail on this claim, Plaintiffs must establish there was (1) a legal duty to use due care; (2) a breach of such legal duty; and (3) the breach was the proximate or legal cause of the resulting injury. Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996).

8

16-cv-00750 W (BLM) [Related: 16-cv-0374, 16-cv-0725, 16-cv-0797]

The FAC alleges Gonzalez breached his duty to use due care when he secretly video recorded Plaintiffs. (*See FAC* ¶¶ 79-80.) Plaintiffs allege this caused them harm, as detailed previously. (*Id.* ¶ 83.) In his opposition, Gonzalez does not dispute the claim is sufficiently pled or its merits. (*See Def.'s Opp'n*.) Accordingly, the Court finds Plaintiffs sufficiently plead a negligence claim.

### f) Recording of Confidential Information, Cal. Penal Code §§ 632, 637.2

Plaintiffs' sixth cause of action is for recording of confidential information. To prevail on this claim, Plaintiffs must establish: (1) Gonzalez intentionally recorded Plaintiffs' communications by using an electronic device; (2) Plaintiffs had a reasonable expectation the conversation was not being recorded; (3) Gonzalez did not have Plaintiffs' consent to record; (4) Plaintiffs were harmed; and (5) Gonzalez's conduct was a substantial factor in causing the harm. Coulter v. Bank of Am., 28 Cal. App. 4th 923, 929 (1994).

The FAC alleges Gonzalez intentionally recorded Plaintiffs' communications using a video camera. (*See FAC* ¶ 85.) Plaintiffs also allege they had a reasonable expectation the conversation was not being recorded, and Gonzalez did not have their consent to record. (*Id.* ¶¶ 86-87.) Finally, Plaintiffs contend Gonzalez's conduct was a substantial factor in causing severe harm. (*Id.* ¶ 88.) In his opposition, Gonzalez does not dispute the claim is sufficiently pled or its merits. (*See Def.'s Opp'n*.) Accordingly, the Court finds Plaintiffs sufficiently plead a recording of confidential information claim.

### g) Gender Violence

Plaintiffs' seventh cause of action is for gender violence. To prevail on this claim, Plaintiffs must establish there was (1) a physical invasion under coercive conditions; and (2) Gonzalez did so at least in part based on the gender of the victim. Cal. Civ. Code, § 52.4.

9

The FAC alleges Gonzalez subjected Plaintiffs to a physical invasion of a sexual nature, against their will. (*See FAC* ¶ 97.) In his opposition, Gonzalez does not dispute the claim is sufficiently pled or its merits. (*See Def.'s Opp'n*.) Accordingly, the Court finds Plaintiffs sufficiently plead a gender violence claim.

### 3. Sum of Money at Stake in the Action

In weighing this factor, the Court considers "the amount of money at stake in relation to the seriousness of a defendant's conduct" and determines whether the recovery sought is proportional to the harm caused by the conduct. Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010). Plaintiff Doe requests $7,637,518.11 in compensatory damages and $2,455,000.00 in punitive damages. (*P&A* 10:17–19.) Plaintiff Roe requests $7,592,868.12 in compensatory damages and $2,500,000.00 in punitive damages. (*Id.* 10:20–22.) Plaintiffs allege verdicts in "peeping Tom" cases are generally over $1 million. (*Id.* 10:2-3.) Although Plaintiffs are seeking large sums, the case involves egregious conduct by Gonzalez, who invaded Plaintiffs' privacy by taking pictures of them in various states of undress over the course of several years, and then distributed the pictures. Given Gonzalez's conduct, the Court finds that this factor does not preclude entry of default judgment.

### 4. Possibility of a Dispute Concerning the Material Facts

Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning the material facts is remote. Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010). Plaintiffs also contend the facts alleged in the FAC are further supported by Gonzalez's plea agreement and the criminal judgment. (*See P&A* 2:3-5; *Ex.1*, *Ex. 2* [Doc. 62-2].) Gonzalez alleges that the FAC makes numerous allegations beyond what he pled guilty to, and that he disputes those material facts, as well as the nature and amount of damages. (*See Def.'s Opp'n* 4:4-6.)

As an initial matter, the Court finds that Plaintiffs have filed a well-pleaded FAC, with significant factual detail. Additionally, although Gonzalez contends the FAC makes numerous allegations beyond what he pled guilty to, his opposition fails to provide any specificity as to which particular material facts he contends are disputed. Further, his plea agreement confirms many of the facts in the FAC. For example, he admits he intended to capture images of the private areas of seven female employees without their consent by using a camera placed in the drain of the women's bathroom. (*See Ex. 1* p. 5.) He also admitted to saving the videos he captured on an SD card he kept hidden at his workplace, and using an Apple Macbook to edit the videos. (*Id.* p. 6.) Further, he admitted to disposing of the hard drive of the Apple Macbook before law enforcement executed the search warrant at his residence, but after the hidden camera had been discovered. (*Id.*) For these reasons, and based on Gonzalez's failure to oppose the merits of the Plaintiffs' claims, this factor counsels in favor of granting default judgment.

### 5. **Whether the Default was due to Excusable Neglect**

As discussed above, Gonzalez was properly served with process, but failed to subsequently respond in a timely manner. Gonzalez alleges that he was unable to adequately review and respond to the FAC given the sensitive nature of the allegations and his status of being in prison. (*See Gonzalez Decl.* [Doc. 67-1] ¶ 3.)

Assuming solely for the sake of argument that Gonzalez's incarceration excused his failure to respond to the FAC, there is no dispute he was released from prison in August 2017. (*Id.* ¶ 5.) At that time, he was clearly able to attempt to retain counsel and appear in the case, but failed to do so. Instead, he waited until he was served with Plaintiffs' motion for default judgment to hire an attorney in December 2017. (*See Def.'s Opp'n* 2:5-7.) Given the amount of time that elapsed between his release from prison and his retention of an attorney, Gonzalez's failure to respond was not due to excusable neglect. Accordingly, this factor favors the entry of default judgment.

11

### 6. Strong Policy Favoring a Decision on the Merits

Although public policy favors a decision on the merits, this factor alone is not dispositive. Pepsico, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Given that Gonzalez has not disputed the merits or sufficiency of the Plaintiffs' claims, this factor is not sufficient to deny default judgment. Rather, weighing each of the Eitel factors, the Court finds Plaintiffs are entitled to default judgment as to each cause of action.

## B. Requested Relief

Because Plaintiffs are entitled to default judgment, the sole remaining issue is the amount of the judgment. Here, Plaintiff Doe requests $7,545,000.00 in compensatory damages, $84,000.00 in attorney's fees, $8,518.11 in costs, and $2,455,000.00 in punitive damages. (*P&A* 10:17–19.) Plaintiff Roe requests $7,500,000.00 in compensatory damages, $84,000 in attorney's fees, $8,868.12 in costs, and $2,500,000.00 in punitive damages. (*Id.* 10:20–22.)

When it is necessary for the plaintiff to prove unliquidated or punitive damages, the court may require the plaintiff to file declarations or affidavits providing evidence for damages in lieu of a full evidentiary hearing. Transportes, 624 F.Supp. at 266.

Here, Plaintiffs request for a sizeable judgment is based on evidence that they have suffered emotional distress and the reference to two cases involving vastly different jury awards – $55 million versus $1.3 million. (*P&A* 10:2–5.) The disparate awards referenced in the two cases provide little guidance as to the appropriate award in this case. Assuming that those two cases alone were sufficient evidence of the type of awards that were appropriate in this case, Plaintiffs fail to provide detail regarding the facts of those cases so the Court may determine how the facts of this case compare. In essence, while Plaintiffs have clearly established they have suffered damages, they have provided little guidance to the Court for the proper award of both compensatory and punitive damages. For example, the costs outlined in the treatment recommendation, although

12

relevant, do not nearly amount to the requested damages, and Plaintiffs fail to provide evidence or other facts that might justify the large compensatory damage request, such as the amount of work missed. For those reasons, additional briefing is necessary in order to determine and award the appropriate damages.

## IV. SUMMARY & CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiffs' motion for default judgment against Defendant Gonzalez, and **ORDERS** as follows:

- On or before **July 23, 2018**, Plaintiffs shall file a brief not exceeding 10 pages regarding the appropriate amount of punitive damages. Along with the brief, Plaintiffs may file any evidence supporting the requested amounts.

- On or before **August 6, 2018**, Defendant may file an opposition to Plaintiffs' request for damages. Defendant may file evidence supporting the opposition.

- On or before **August 13, 2018**, Plaintiffs may file a reply to Defendant's opposition.

- The parties shall appear for a prove-up hearing on **August 20, 2018**. In the event the Court finds the papers are sufficient to make a determination regarding the amount of damages, the Court may vacate the hearing.

**IT IS SO ORDERED**.

Dated: July 3, 2018

Hon. Thomas J. Whelan
United States District Judge