UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE AND JANE ROE,<br>　　　　　　　　　　　Plaintiffs,<br>v.<br>ELAINE C. DUKE, Acting secretary of the Department of Homeland Security, et al.,<br>　　　　　　　　　　　Defendants. | Case No.: 16-CV-750 W (BLM)<br><br>**ORDER:**<br><br>**(1) ADOPTING JUDGE MAJOR'S REPORT AND RECOMMENDATION [DOC. 113];**<br><br>**(2) GRANTING IN PART AND DENYING IN PART JUDGMENT CREDITOR'S OPPOSITION TO MARSHA GONZALEZ'S CLAIM OF EXEMPTION RE LEVY ON CABRILLO CREDIT UNION [DOC. 98]** |

　　Pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Barbara L. Major recommending that Judgment Creditor's motion be granted in part and denied in part. (*R&R* [Doc. 113].) The Court found these motions suitable for determination on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **ADOPTS** the R&R in its entirety and **GRANTS IN PART AND DENIES PART** Judgment Creditor's Motion to Deny Marsha Gonzalez's Claim of Exemption [Doc. 98].

1

## I. BACKGROUND

On February 28, 2019, the Court entered two orders of judgment following entry of default against Defendant Armando Gonzalez in favor of Plaintiffs Roe and Doe in the amount of $5,789,000 each. [Docs. 82, 83.] Plaintiffs are currently attempting to enforce and collect on the judgment against Mr. Gonzalez, including levying funds from accounts in the name of Marsha Gonzalez, Mr. Gonzalez's spouse.

On June 25, 2020, Plaintiff Jane Doe levied bank accounts in the name of Ms. Gonzalez at Cabrillo Credit Union in the amount of $24,926.58. (*Oppo*. [Doc. 98-2] at 2.) Thereafter, on July 6, 2020, Ms. Gonzalez filed a Claim of Exemption seeking release of the entire levied amount, arguing it is her separate property. On July 16, 2020, Plaintiff Jane Doe filed the operative Motion Opposing Ms. Gonzalez's Claim of Exemption Re Levy On Cabrillo Credit Union accounts xxxxxx7237 S 0000, xxxxxx7237 S 0001, and xxxxxx7237 S 0080. [Doc. 98.]

On January 22, 2021, United States Magistrate Judge Barbara L. Major issued an R&R recommending that Judgment Creditor's motion be granted in part and denied in part. (*R&R* [Doc. 113].) On February 5, 2021, Ms. Gonzalez filed an objection to the Magistrate Judge's R&R. (*Def.'s Objs.* [Doc. 18].)

## II. LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980). When no objections are filed, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. See Campbell v. United States Dist. Court,

501 F.2d 196, 206 (9th Cir. 1974).  Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

### III.  DISCUSSION

Having read and considered the papers submitted, including Ms. Gonzalez's objections, the Court concludes the Report presents a well-reasoned analysis of the issue.

As an initial matter, Ms. Gonzalez does not object to the Magistrate Judge's designating as separate property the $10,303.50 Ms. Gonzalez received in life insurance proceeds following the death of her mother.  The Court agrees.  See Fam. Code § 770(a)(2) ("Separate property of a married person includes . . . [a]ll property acquired by the person after marriage by gift, bequest, devise, or descent.").  Therefore, Judgment Creditor's Opposition to Ms. Gonzalez's Claim of Exemption is denied as to Credit Union account xxxxxx7237 S 0001.

Ms. Gonzalez does contest the Magistrate Judge's recommendation that the levied total of $14,535.78 from Cabrillo Credit Union accounts xxxxxx7237 S 0000 and xxxxxx7237 S 0080 be construed as community property and released to Judgment Creditor.  Specifically, Ms. Gonzalez reiterates previously made arguments that she entered into a Marital Settlement Agreement ("MSA") which transmuted all bank accounts in Ms. Gonzalez's name to her separate property and that there is no evidence funds in her accounts were commingled with Defendant.  (*See Def.'s Objs.* [Doc. 18].)

Section 760 of the California Family Code provides the general rule that "all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property."  Fam. Code, § 760. Section 771(a) states the correlative rule that "[t]he earnings and accumulations of a spouse . . . after the date of separation of the spouses, are the separate property of the

3

spouse." Fam. Code, §771(a). "'Date of separation' means the date that a complete and final break in the marital relationship has occurred," as evidenced by one spouse expressing to the other the intent to end the marriage and conduct "consistent with the intent to end the marriage." Fam. Code, § 70.

Here, although Defendant and Ms. Gonzalez executed an MSA prior to Defendant's incarceration in 2015, their conduct has not been "consistent with the intent to end the marriage." Fam. Code, § 70(a)(2). Defendant and Ms. Gonzalez still live together and remain married more than two years after learning their divorce was never finalized. (*Gonzalez Decl.* [Doc. 103-1] ¶¶ 14-19; *Gonzalez Dep.* [Doc. 111-1, Ex. 1] at 13.) Further, Defendant and Ms. Gonzalez share accounts and a credit card, Defendant's income is deposited every month into an account controlled by Ms. Gonzalez, and Ms. Gonzalez pays for all the household bills. (*Kessler Decl.* [Doc. 100] ¶¶ 11-12; *Def. Dep.* [Doc. 111-1, Ex. 2] at 74-75.) The evidence suggests Ms. Gonzalez and Defendant commingled their funds and kept them in Ms. Gonzalez's name not to make a "complete and final break in the marital relationship," but rather to prevent Plaintiffs from reaching the funds. Accordingly, Ms. Gonzalez has failed to meet her burden to show the funds are exempt and Judgment Creditor's Opposition to Marsha Gonzalez's Claim of Exemption Re Levy On Cabrillo Credit Union accountsxxxxxx7237 S 0000 and xxxxxx7237 S 0080, from which the U.S. Marshal levied a total of $14,535.78, is granted.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **ORDERS** as follows:

(1) The R&R [Doc. 113] is **ADOPTED** in its entirety;

(2) Judgment Creditor's Opposition to Marsha Gonzalez's Claim of Exemption Re Levy on Cabrillo Credit Union account xxxxxx7237 S 0001 is **DENIED** and the U.S. Marshal is **ORDERED** to release to Ms. Gonzalez $10,303.77 in Levied Funds being held pursuant to the bank levy;

4

1  (3) Judgment Creditor's Opposition to Marsha Gonzalez's Claim of Exemption Re Levy on Cabrillo Credit Union accounts xxxxxx7237 S 0000 and xxxxxx7237 S 0080 is **GRANTED** and the U.S. Marshall is **ORDERED** to release to Judgment Creditor the $14,535.78 of Levied Funds being held pursuant to the bank levy.

**IT IS SO ORDERED.**

Dated:  March 25, 2021

Hon. Thomas J. Whelan
United States District Judge